# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| JAKE EARL HENDRIX | § | |
| v. | § | CIVIL ACTION NO. 9:10cv174 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Jake Hendrix, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hendrix was convicted on his plea of guilty of the offense of failing to register as a sex offender on March 27, 2008. He took a direct appeal, which was dismissed because he had waived the right to appeal in the course of his guilty plea. The mandate of the Court of Appeals issued on October 20, 2008.

Hendrix did not seek discretionary review of this decision, but filed a state habeas petition on October 15, 2008, prior to the issuance of the Court of Appeals' mandate. On December 17, 2008, Hendrix's state habeas petition was dismissed because it had been filed while his direct appeal was still pending. Hendrix signed his federal habeas corpus petition on October 12, 2010.

The Magistrate Judge ordered the Respondent to answer Hendrix's petition. This response argued that Hendrix has not exhausted any of his claims because his state petition was dismissed without considering the merits, and that the statute of limitations has expired. Hendrix filed a reply

1

to the answer arguing the merits of his claims; this reply did not address either the limitations issue or the exhaustion issue.

After review of the pleadings, the Magistrate Judge issued a Report on June 1, 2011, recommending that the petition be dismissed because of the expiration of the statute of limitations. The Magistrate Judge stated that Hendrix's conviction became final 30 days after the date of the issuance of the mandate, or November 19, 2008. His state petition tolled the period from October 15, 2008, to December 17, 2008, when it was dismissed. Thus, the Magistrate Judge said, even if the limitations period is considered to have begun upon the dismissal of his state habeas petition, which was December 17, 2008, this period expired on December 17, 2009, some ten months before Hendrix signed his federal habeas petition. The Magistrate Judge further said that Hendrix had not shown any other basis upon which to set off the commencement of the limitations period, nor had he shown any basis for equitable tolling of the limitations period. The Magistrate Judge thus recommended that the petition be denied and that Hendrix be denied a certificate of appealability *sua sponte*.

Hendrix filed objections to the Magistrate Judge's Report on June 15, 2011. In his objections, Hendrix states that the judgment against him was void, and so there is no limitations period for challenging it. He also says that the dismissal of his state habeas petition was erroneous and that he filed a second state petition, apparently challenging his Harris County conviction, on December 9, 2009, which was dismissed on April 16. 2010. Hendrix goes on to argue the merits of his claims.

Hendrix's objections are without merit. The contention that a conviction is "void" does not provide a means by which to evade the statute of limitations. Malone v. Director, TDCJ, slip op. no. 6:10cv288, 2010 WL 3430818 (E.D.Tex., August 27, 2010, *aff'd* March 14, 2010); *see also* Randall v. Director, civil action no. 2:07cv204, 2008 WL 2128231 (E.D.Tex., May 16, 2008, no appeal taken) (petitioner cannot evade the statute of limitations by "the simple expedient of arguing that his conviction is void); Nortonsen v. Reid, 133 Fed .Appx. 509, 510-511, 2005 WL 1253964 (10th Cir.,

May 27, 2005) (petitioner cannot avoid dismissal on limitations grounds by arguing that his conviction is void); Sherman v. Thaler, civil action no. H-09-1409, 2010 WL 1994348 (S.D.Tex., May 17, 2010) (same). Even if Hendrix's second state habeas petition tolled the limitations period, this petition was filed just eight days before his limitations period expired, and so his federal petition would still be untimely. Hendrix's other arguments do not provide any legal or equitable basis for tolling the limitations period or otherwise concluding that his petition is not barred by the statute of limitations.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original and amended petition, the answer of the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 28) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jake Hendrix is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **15** day of **July, 2011.**

_____
Ron Clark, United States District Judge